UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

**CRIMINAL NO. 06-30-WOB**

**UNITED STATES OF AMERICA**                                                     **PLAINTIFF**

**VS.**

**WENDI BARE**                                                                              **DEFENDANT**

**REPORT AND RECOMMENDATION**

On September 12, 2012 this matter came on for an evidentiary hearing on petition of the United States Probation Office that the defendant, WENDI BARE show cause why her supervised release should not be revoked. The defendant was present in Court and represented by Deanna Dennison and the United States was present through Assistant United States Attorney Chris Nasson. The proceedings were recorded by official court reporter Joan Averdick and conducted pursuant to 18 U.S.C. § 3401(I). Oral argument was presented by counsel and the defendant admitted violating the terms of her supervised release as set out in the September 10, 2012 violation report of U.S.P.O. Michelle A. Merrett.

After pleading guilty to Bank Robbery in violation of 18 U.S.C. § 2113(a), Bare was sentenced on October 31, 2006 to forty-six months incarceration followed by thirty-six months of supervised release. Among the conditions of supervised release included the directive that Bare participate in a substance abuse treatment program and submit to periodic drug/alcohol testing at the direction of her probation officer. She was ordered to abstain from the use of alcohol and participate in a mental health treatment program again at the direction of her probation officer, and to pay

1

restitution in the amount of $7,346.00.

Defendant began her term of supervised release on September 4, 2009 and all the conditions were reviewed and signed by Bare on September 9, 2009 at which time she was provided a copy of the conditions.  Bare had a non-compliance issue in early 2010 (June) when she admitted to using heroin and consuming alcohol.  However, a urinalysis was taken which was negative for illegal substances.  After being admonished about the use of illegal substances and alcohol, Bare had been participating in treatment while at the half-way house and her substance abuse counselor at the Alcoholism Counsel noted that Bare was manipulative and at that time not invested in her recovery.  It was noted that Bare was in an abusive relationship with Zacharia Uzziah and she was instructed to cease contact with that person and instructed to focus on recovery.  During the initial period of supervision she resided in an apartment in Cincinnati and in August 2010 moved to Clermont County to reside with her grandparents.  She was then referred to substance abuse treatment at the Clermont Counseling Center along with mental health counseling.

Bare now stands charged with the following violations:

**VIOLATION #1: YOU SHALL REFRAIN FROM EXCESSIVE USE OF ALCOHOL AND SHALL NOT PURCHASE, POSSESS, USE, DISTRIBUTE, OR ADMINISTER ANY NARCOTIC OR OTHER CONTROLLED SUBSTANCE, OR ANY PARAPHERNALIA RELATED TO SUCH SUBSTANCES, EXCEPT AS PRESCRIBED BY A PHYSICIAN.**

On June 6, 2012 the defendant submitted a urinalysis specimen which was diluted, and on June 22, 2012 she submitted a positive urinalysis for cocaine.

**VIOLATION #2: YOU SHALL NOT ASSOCIATE WITH ANY PERSONS ENGAGED IN CRIMINAL ACTIVITY, AND SHALL NOT ASSOCIATE WITH ANY PERSON CONVICTED OF A FELONY UNLESS GRANTED PERMISSION TO DO SO BY THE PROBATION OFFICER.**

After investigation of an anonymous tip that Bare was dating a convicted felon, U.S.P.O.

restitution in the amount of $7,346.00.

Defendant began her term of supervised release on September 4, 2009 and all the conditions were reviewed and signed by Bare on September 9, 2009 at which time she was provided a copy of the conditions.  Bare had a non-compliance issue in early 2010 (June) when she admitted to using heroin and consuming alcohol.  However, a urinalysis was taken which was negative for illegal substances.  After being admonished about the use of illegal substances and alcohol, Bare had been participating in treatment while at the half-way house and her substance abuse counselor at the Alcoholism Counsel noted that Bare was manipulative and at that time not invested in her recovery.  It was noted that Bare was in an abusive relationship with Zacharia Uzziah and she was instructed to cease contact with that person and instructed to focus on recovery.  During the initial period of supervision she resided in an apartment in Cincinnati and in August 2010 moved to Clermont County to reside with her grandparents.  She was then referred to substance abuse treatment at the Clermont Counseling Center along with mental health counseling.

Bare now stands charged with the following violations:

**VIOLATION #1: YOU SHALL REFRAIN FROM EXCESSIVE USE OF ALCOHOL AND SHALL NOT PURCHASE, POSSESS, USE, DISTRIBUTE, OR ADMINISTER ANY NARCOTIC OR OTHER CONTROLLED SUBSTANCE, OR ANY PARAPHERNALIA RELATED TO SUCH SUBSTANCES, EXCEPT AS PRESCRIBED BY A PHYSICIAN.**

On June 6, 2012 the defendant submitted a urinalysis specimen which was diluted, and on June 22, 2012 she submitted a positive urinalysis for cocaine.

**VIOLATION #2: YOU SHALL NOT ASSOCIATE WITH ANY PERSONS ENGAGED IN CRIMINAL ACTIVITY, AND SHALL NOT ASSOCIATE WITH ANY PERSON CONVICTED OF A FELONY UNLESS GRANTED PERMISSION TO DO SO BY THE PROBATION OFFICER.**

After investigation of an anonymous tip that Bare was dating a convicted felon, U.S.P.O.

Merrett met with defendant on August 7, 14, and 16, 2012 to discuss her relationship with a known felon. Bare initially denied any relationship but subsequently admitted she had been dating Ronnie Craddock, a convicted felon, and had stayed briefly at his residence in June/July, 2011. She was aware of the felony conviction and knew that she had no permission to associate with a convicted felon who was also on state parole for rape and is a registered sex offender. Regrettably, Bare went through great lengths to hide his identity until her meeting with U.S.P.O. Merrett previously mentioned.

**VIOLATION #3: THE DEFENDANT SHALL PAY RESTITUTION IN THE AMOUNT OF $7,346.00.**

While the defendant has consistently paid toward her outstanding restitution, she currently has an outstanding balance of $4,862.21.

The parties have reached an agreement as to the appropriate punishment for the above violations, and the Court being satisfied from dialogue with the defendant that she understands the nature of the charges pending against her, has had ample opportunity to consult with counsel, and enters this agreement knowingly and voluntarily, accordingly;

**IT IS RECOMMENDED**:

1. That the defendant be found to have violated the terms of her supervised release as set out above, and that the supervised release be revoked;

2. That the defendant, WENDI BARE, be sentenced to **TWO (2) YEARS** of supervised release with the first TWELVE (12) MONTHS to be served at a half-way house to be designated by the BOP;

3. That defendant comply with a special condition of supervised release that she have no contact in any manner with convicted felon Ronnie Craddock;

4.  That the defendant comply with special condition that she complete her remaining one year of education at the University of Cincinnati;

5.  That the defendant comply with the special condition that she obtain mental health treatment/counseling at the direction of her probation officer and comply with all conditions of that counseling.

Particularized objections to this Report and Recommendation must be filed within ten (10) days of the date of service of the same or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55) (6th Cir. 1986). **If the defendant wishes to address the District Court prior to sentencing, the defendant must so notify the Court in writing within ten (10) days.** A party may file a response to another party's objections within ten (10) days after being served with a copy thereof. Rule 72(b), Fed.R.Civ.P.

This 13th day of September, 2012.

Signed By:
J. Gregory Wehrman
United States Magistrate Judge

4